10-4138-cv
Dibbs v. Mazzarelli

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

> **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21ˢᵗ day of May, two thousand twelve.**

PRESENT:
> JON O. NEWMAN,
> CHESTER J. STRAUB,
> GERARD E. LYNCH,
> *Circuit Judges.*

——————————————————————————

STEPHEN DIBBS,
> *Plaintiff-Appellant*,

> v.                                                                 10-4138-cv

ANGELA MAZZARELLI, *et al.*,
> *Defendants-Appellees*.

——————————————————————————

**FOR PLAINTIFF -APPELLANT:**          Stephen Dibbs, *pro se*, New York, NY.

**FOR DEFENDANTS -APPELLEES:**          Brian A. Sutherland, Assistant Solicitor General, (Barbara D. Underwood, Solicitor General, Cecelia C. Chang, Deputy Solicitor General), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of

New York (John G. Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Stephen Dibbs, *pro se*, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 complaint for failure to state a claim and denying his motion for leave to amend.

We review the challenged dismissal *de novo*, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in Dibbs's favor. *See Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). Further, because Dibbs appears *pro se*, we construe his pleadings liberally to raise the strongest arguments they suggest. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). In applying those principles here, we assume the parties' familiarity with the facts and record of the prior proceedings, which we reference only as necessary to explain our decision.

After an independent review of the record, we are satisfied that the district court properly dismissed Dibbs's complaint seeking to challenge the constitutionality of New York Election Law §§ 6-106, 6-124, and 6-158. Those provisions require political parties to select their nominees for Supreme Court Justice at a convention of delegates chosen by party members in a primary election. Under a liberal construction of his complaint, Dibbs appears to challenge those provisions, and the entire statutory scheme of which they are a part, on the ground that they violate his rights under the First and Fourteenth Amendments of the United States Constitution. The district court dismissed Dibbs's challenge in large part based on the decision of the United States Supreme Court in *New York State Bd. of Elections v. López Torres*, 552 U.S. 196 (2008), which upheld the constitutionality of the aforementioned statutory scheme and concluded that it did not violate the First Amendment.

2

Dibbs's attempt to distinguish *López Torres* is unavailing.  The Supreme Court's broad holding that New York's selection of judicial nominees by convention was constitutional, *see* 552 U.S. at 206-07, 209, forecloses the First Amendment claim now asserted by Dibbs.  Moreover, to the extent that Dibbs raises constitutional challenges that were not squarely addressed by the Supreme Court, such as his equal protection and due process arguments, his pleading, which rests on legal conclusions devoid of factual support, fails to "state a claim to relief that is plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotation marks omitted).

Finally, we review the district court's denial of Dibbs's motion for leave to amend for abuse of discretion, "keeping in mind that leave to amend should be freely granted when 'justice so requires.'"  *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 177 (2d Cir.  2006) (internal quotations marks omitted); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining that "abuse of discretion" includes errors of law).  We find no such abuse of discretion.  Dibbs filed two proposed amended complaints, both of which the district court considered and neither of which alleged legally cognizable claims.  The district court therefore reasonably denied his motion to amend on the basis of futility.

We have considered all of Dibbs's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3